# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

Case No. 4:18-cv-00158-D

| | |
|---|---|
| ROBERT PETERSON, an individual, and HAD TO HAVE IT, LLC, a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>  v.<br><br>HATTERAS/CABO YACHTS, LLC, a Delaware limited liability company,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT PROTECTIVE ORDER

Plaintiffs Robert Peterson and Had To Have It, LLC ("Plaintiffs"), and Defendant Hatteras/Cabo Yachts, LLC ("Defendant") (collectively, "the Parties"), through their respective counsel, consent to entry of the following protective order:

WHEREAS, during the course of the above-captioned action (the "Action"), the Parties or others may be required to produce in discovery information which a party or the person from whom discovery is sought considers to be a trade secret or other confidential business, financial, or technical information; information protected from discovery by third party rights of privacy or applicable law; or other non-public, commercially sensitive, proprietary, and/or confidential information;

WHEREAS the Parties acknowledge that some information subject to the attorney-client privilege, work-product immunity, or other applicable privilege or immunity may be disclosed inadvertently during the course of this Action;

WHEREAS the Parties expressly acknowledge and jointly agree that the inadvertent

disclosure of information subject to the attorney-client privilege, work-product immunity, or other applicable privilege or immunity by any party to this Action is not intended to effect a waiver of any such privilege or immunity;

WHEREAS, the Parties desire to agree to a protective order for the protection of such information, and documents containing such information, during the pendency of this Action and thereafter, and also for resolution of other issues which have arisen or may arise in connection with this litigation; and

WHEREAS, good cause appearing, and in conformance with the agreement between the Parties:

THEREFORE, **IT IS HEREBY ORDERED** that this Protective Order pursuant to Federal Rule of Civil Procedure 26(c) be, and is hereby, entered.

1. DEFINITIONS

   1.1 Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

   1.2 Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among others, testimony, transcripts, or tangible things) that are produced, or generated in disclosures or responses to discovery in this Action.

   1.3 "Confidential" Information or Items: Information (regardless of how generated, stored, or maintained) or tangible things which the Designating Party reasonably believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, (ii) believes in good faith is protected by a right to privacy under federal or state law,

or any other applicable privilege or right related to confidentiality or privacy, or (iii) believes in good faith to constitute or to contain trade secrets or other confidential research, development, or non-public, commercially sensitive and proprietary information.

1.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items:  Highly sensitive "Confidential" information or items which relate to information maintained as trade secrets, proprietary, technical, financial, marketing, strategic planning, or other commercially sensitive competitive information that the Designating Party maintains as highly confidential in its business, the disclosure of which the Designating Party reasonably believes in good faith may cause harm to its competitive position.

1.5     Receiving Party:  A Party that receives Discovery Material from a Producing Party.

1.6     Producing Party:  A Party or non-party that produces Discovery Material in this Action.

1.7     Designating Party:  A Party or non-party that designates Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

1.8     Protected Material:  Any Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

1.9     Outside Counsel:  Attorneys who are not employees of a Party, and who are attorneys who work for a law firm that serves as counsel of record for a Party in this Action. This includes partners, associates and employees of such Outside Counsel to whom it is reasonably necessary to disclose the information for this Action, including supporting personnel employed by the firm or attorney, such as paralegals, translators, legal secretaries, legal clerks and court reporters.

1.10    Designated Employees:  Attorneys or other designated persons who are employees of a Party and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A).

1.11    Counsel (without qualifier):  Outside Counsel and in-house counsel, including partners, associates, and employees of such Counsel to whom it is reasonably necessary to disclose the information for this Action, and including supporting personnel employed by the firm, attorney, or company, such as paralegals, translators, legal secretaries, legal clerks and court reporters.

1.12    Expert:  A person with specialized knowledge or experience in a matter pertinent to this Action, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, who is not a current employee of a Party or a competitor of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Action.

1.13    Professional Vendor:  A person or an entity that provides litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstratives, organizing, storing, retrieving data in any form or medium, etc.), and his/her/its employees and subcontractors.

1.14    Repair Professionals:  A person or an entity, including his/her/its employees and subcontractors, that conducts repairs on the 2015 Model Year Hatteras GT70, which is the subject of this Action and entitled Had To Have It.

1.15    Final Disposition:  The legal conclusion of this Action, whether by final judgment and the exhaustion of all potential appeals, voluntary dismissal, or settlement.

2.  SCOPE

The protections conferred by this Protective Order cover Protected Material and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or being obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.  DURATION

Even after the termination of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4.  DESIGNATING PROTECTED MATERIAL

4.1  *Manner and Timing of Designations*:  Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of Section 4.1(a), below), or as otherwise consented, stipulated or ordered, material that qualifies for protection under this Protective Order must be designated clearly before the Protected Material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a)  For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings): The Producing Party must affix the legend "Confidential" or

"Highly Confidential – Attorneys' Eyes Only" at the top or bottom of each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") at the top of each page that contains Protected Material.

(b) For testimony given in a deposition or in other pretrial or trial proceedings, a Party or a non-party must either (1) state on the record, before the close of the deposition, hearing, or other proceeding, that the testimony or portions of the testimony shall be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," or (2) provide written notice to all Parties, within 10 days after receipt of the official transcript, that the testimony shall be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The Parties shall treat the testimony as "Highly Confidential – Attorneys' Eyes Only" until the expiration of the 10-day period.

Transcript pages containing Protected Material must be marked with the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" as instructed by a Party or a non-party.

(c) For information produced in some form other than documentary, and for any other tangible item, the Producing Party must affix in a prominent place on the exterior of the container(s) in which the information or item is stored the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(d) For information produced in electronic form on a computer readable medium (*e.g.*, CD-ROM), the Producing Party must affix in a prominent place on the storage medium on which the information is stored, and on any container(s) for such medium, the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

4.2 <u>Inadvertent Failure to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is designated appropriately as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party or person in receipt of materials designated under this Protective Order, on timely notification of the designation, must make reasonable efforts to assure the material is treated in accordance with the provisions of this Protective Order.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 <u>Timing of Challenges</u>: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2     Meet and Confer:  The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice.

5.3     Court Intervention:  If an agreement cannot be reached by negotiation and the Court has not provided for a different procedure to handle these disputes, then the Party challenging the designation may file a motion requesting a ruling from the Court on the continued application of the confidentiality designation of the information or item(s).  In all circumstances, the terms of this Protective Order shall continue to apply to the information or item(s) until the Court rules on the motion.  In any such motion, the Designating Party bears the burden of proof to establish why the confidentiality designation should be maintained.

6.    ACCESS TO AND USE OF PROTECTED MATERIAL

6.1     Basic Principles:  A Receiving Party or a person in receipt of material designated under this Protective Order may use Protected Material disclosed or produced by another Party or by a non-party in connection with this Action only for prosecuting, defending, appealing, or attempting to settle this dispute, and to conduct repairs on the 2015 Model Year Hatteras GT70 that is the subject of this Action.  For the avoidance of doubt, a Receiving Party or a person in receipt of materials designated under this Protective Order may not use Protected Material for any business, commercial, or competitive purpose, or during the course of any other action, litigation, or proceeding, whether or not factually related to this Action.  Such Protected Material

may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

Upon Final Disposition of the Action, a Receiving Party or person in receipt of material designated under this Protective Order must comply with the provisions of Section 10 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party or a person in receipt of material designated under this Protective Order at a location and in a secure manner that ensures access is limited to persons authorized under this Protective Order.

Following the close of pre-trial discovery and prior to a public hearing or trial in this Action, Counsel for the Parties shall meet to seek agreement on procedures, if any, to protect the confidentiality of Protected Material that will be used during the public hearing or trial, subject to the Court's approval. In the event that Counsel for the Parties are unable to reach agreement, the Court, upon motion of any Party, shall determine the procedures, if any, to be used to protect Protected Material during the public hearing or trial.

6.2     Disclosure of "Confidential" Information:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party or a person in receipt of Protected Material designated under this Protective Order may disclose any information or item designated "Confidential" only to:

(a)     the Court and its personnel;

(b)     Receiving Party's Outside Counsel of record in this Action, as well as employees of Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of this Action;

(c) employees of a Party to whom it is reasonably necessary to disclose the information for purposes of this Action;

(d) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) court reporters and their staff, to whom disclosure is reasonably necessary for purposes of this Action;

(f) Professional Vendors to whom disclosure is reasonably necessary for purposes of this Action who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and provided that all Protected Material is retrieved by the Party furnishing it upon completion of the services;

(g) Repair Professionals who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and provided that no repair professionals be permitted to keep any Protected Material;

(h) members of focus groups and mock jurors who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and provided that no mock jurors or focus group participants be permitted to keep any Protected Material;

(i) a person having prior personal knowledge of the Protected Material (not involving a violation of this Protective Order), including an author, signatory, or prior recipient of the Protected Material; and

(j) any other person agreed to in writing by the Designating Party and any Receiving Party and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

6.3 <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party or a person in receipt of Protected Material designated under this Protective Order may disclose any information or item designated "Highly Confidential – Attorneys' Eyes Only" only to:

(a) the Court and its personnel;

(b) Receiving Party's Outside Counsel of record in this Action, as well as employees of Outside Counsel to whom it is reasonably necessary to disclose the information for purposes of this Action;

(c) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for purposes of this Action, who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) court reporters and their staff, to whom disclosure is reasonably necessary for purposes of this Action;

(e) Professional Vendors to whom disclosure is reasonably necessary for purposes of this Action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided that all Protected Material is retrieved by the Party furnishing it upon completion of the services;

(f) Repair Professionals who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and provided that no repair professionals be permitted to keep any Protected Material;

(g) members of focus groups and mock jurors who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and provided that no mock jurors or focus group participants be permitted to keep any Protected Material;

(h) a person having prior personal knowledge of the Protected Material (not involving a violation of this Protective Order), including an author, signatory, or prior recipient of the Protected Material; and

(i) any other person agreed to in writing by the Designating Party and any Receiving Party and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

7. <u>PROTECTED MATERIALS SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party or a person in receipt of Protected Material designated under this Protective Order is served with a subpoena or an order issued in other litigation that seeks or would compel disclosure of any Protected Material designated in this Action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party or person in receipt of material designated under this Protective Order must so notify the Designating Party promptly. Such notification must include a copy of the subpoena or the court order.

The Receiving Party or person in receipt of Protected Material designated under this Protective Order also must promptly inform the party who caused the subpoena or order to issue in the other litigation that some or all of the Protected Material covered by the subpoena or order is the subject of this Protective Order and also deliver a copy of this Protective Order to the party in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this Action an opportunity to protect

its confidentiality interests in the court from which the subpoena or order was issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party or a person in receipt of material designated under this Protective Order learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party or person in receipt of Protected Material designated under this Protective Order must immediately (a) notify in writing the Designating Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person(s) to whom unauthorized disclosures were made of all terms of this Protective Order, and (d) request such person(s) to execute the "Agreement to Be Bound by Protective Order" attached hereto as (Exhibit A).

9. FILING OF PROTECTED MATERIAL

Before filing any information that has been designated as Protected Material with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the Party that produced the information so designated about how it should be filed. If the Party that produced the information so designated desires that the materials be filed under seal, then the filing Party shall file the materials in accordance with E.D.N.C. Local Civil Rule 79.2 with notice served upon the producing Party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the Party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would

be served by restricting public access to the information. The Party that initially filed the materials need not file any such Motion to Seal or otherwise defend another Party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the Party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court..

10. <u>FINAL DISPOSITION</u>

Even after Final Disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

After Final Disposition of this Action and upon the request of the Producing Party, the Receiving Party or person in receipt of Protected Material designated under this Protective Order must return to the Producing Party or destroy all Protected Material within 90 days. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 90-day deadline affirming all Protected Material it received has been returned or destroyed and the Receiving Party, in addition to any individual to

which the Receiving Party was entitled under this Protective Order to disclose Protected Material, has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product (including exhibits, deposition exhibits, and trial exhibits), even if such material contains Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to the confidentiality obligations of this Protective Order.

11.     INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

Inadvertent production of any document a Party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, the joint defense or common interest privilege, or the attorney work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege.  The Designating Party may request the return of any Inadvertently Produced Privileged Document.  A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production.  If a Party or a non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another Party or non-party, such other Party shall immediately cease any review of such document(s) and within five (5) business days return to the requesting Party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall destroy any documents summarizing or referring to such Inadvertently Produced Privileged Document.  The Party returning such material may then move the Court for

an order compelling production of the material, but that Party shall not assert as a ground for entering such an order the facts or circumstances of the inadvertent production.

12. MISCELLANEOUS

  12.1  Right to Further Relief:  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

  12.2  Use of Party's Own Materials:  Nothing in this Protective Order shall restrict a Party's ability to use and disclose its own Protected Material as it chooses.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or non-parties to disclose such Protected Material in violation of this Protective Order.

  12.3  Right to Assert Other Objections:  By consenting to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

  12.4  Effective Pending Approval:  The Parties agree that, pending entry by the Court, this Protective Order shall be effective as if entered and, specifically, any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

  12.5  Retained Jurisdiction:  The Court shall retain jurisdiction to enforce this Protective Order after Final Disposition, unless the Protective Order is vacated.

  12.6  Non-Parties:  Non-parties requested to produce documents or things or provide testimony in this Action may avail themselves of the provisions of the Protective Order and designate documents, things, or testimony as "Confidential" or "Highly Confidential –

Attorneys' Eyes Only" in accordance with the provisions of this Protective Order.

12.7  <u>Modification</u>.  In the event any Party seeks to amend or vary the terms of this Protective Order, said Party shall make such request by motion to the Court.  The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

*[Remainder of page intentionally left blank; signature page to follow]*

CONSENTED TO BY COUNSEL OF RECORD.

Dated: November 19, 2018

By: */s/ James N. Robinson*
James N. Robinson (Florida Bar No. 608858)
Mahalia A. Cole (Florida Bar No. 98913)
White & Case LLP
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
E-mail: jrobinson@whitecase.com
Email: adaker@whitecase.com
E-mail: mahalia.cole@whitecase.com
*Special Appearance Attorneys for Plaintiffs Robert Peterson and Had To Have It, LLC*

*/s/ Reed J. Hollander*
Reed J. Hollander
North Carolina Bar No. 23405
Nelson Mullins Riley & Scarborough LLP
GlenLake One
4140 Parklake Avenue Suite 200
Raleigh, North Carolina 27612
E-mail: reed.hollander@nelsonmullins.com
Telephone: (919) 329-3816
Facsimile: (919) 329-3149
*Local Civil Rule 83.1(d) Counsel for Plaintiffs Robert Peterson and Had To Have It, LLC*

By: */s/ Christina M. Paul*
Christina M. Paul (Florida Bar No. 0596876)
Joshua Carpenter (Florida Bar No. 109413)
K&L Gates LLP
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131-2399
Telephone: (305) 539-3300
Facsimile: (305) 358-7095
Email: christina.paul@klgates.com
Email: joshua.carpenter@klgates.com
*Special Appearance Counsel for Defendant*

*/s/ A. Lee Hogewood III*
A. Lee Hogewood III
North Carolina Bar No. 17451
Matthew T. Houston
North Carolina Bar No. 46130
K&L Gates LLP
4350 Lassister at North Hills Ave., Suite 300
Raleigh, NC 27609
Telephone: (919) 743-7300
Facsimile: (919) 743-7358
Email: Lee.Hogewood@klgates.com
Email: Matthew.houston@klgates.com
*Local Civil Rule 83.1(d) Counsel for Defendant*

Dated: November 20, 2018

_____
Robert T. Numbers, II
United States Magistrate Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION**

Case No. 4:18-cv-00158-D

| | |
|---|---|
| ROBERT PETERSON, an individual, and HAD TO HAVE IT, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> HATTERAS/CABO YACHTS, LLC, a Delaware limited liability company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read and understand the Consent Protective Order ("Protective Order") entered in *Robert Peterson & Had To Have It, LLC v. Hatteras/Cabo Yachts, LLC*, No. 4:18-cv-00158-D, in the United States District Court for the Eastern District of North Carolina. I agree to comply with and to be bound by all of the terms of this Protective Order. I understand and acknowledge that my failure to comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose, nor take any action that would lead to the disclosure of, any information or material that is subject to this Protective Order to any person or entity, except in strict compliance with the provisions of this Protective Order. I agree to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceeding occurs after termination of this action.

Printed Name: _____

Address: _____

Present Employer:_____

Designated as Expert for (if applicable): _____

Date: _____ Signature: _____