UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No.: 4:18-CV-00158-D

ROBERT PETERSON, an individual, and )
HAD TO HAVE IT, LLC, a Delaware )
limited liability company, )
)
             Plaintiffs, )
)
      v. )
)
HATTERAS/CABO YACHTS, LLC, a )
Delaware limited liability company, and )
TRAVELERS CASUALTY COMPANY OF )
AMERICA, a Connecticut corporation, )
)
             Defendants. )

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED AND SUPPLEMENTAL COMPLAINT**

**COMES NOW**, Travelers Property Casualty Company of America ("Travelers"), by and through undersigned counsel and for its Answer and Affirmative Defenses to Plaintiffs Robert Peterson's and Had To Have It, LLC's Amended and Supplemental Complaint [ECF 94], states as follows:

      1.      Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 1, and therefore denies the same.

      2.      Travelers admits that it issued policy numbered ZYM-61M30684-17-ND for the 2015 Hatteras Had To Have It, subject to certain provisions and conditions, and denies the remainder of paragraph 2. Travelers states the policy speaks for itself.

3. Paragraph 3 is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by FRCP 8, and therefore no response is required. To the extent a response is required, Travelers denies paragraph 3.

## PARTIES

4. Travelers admits that Robert Peterson is a citizen of Texas, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of paragraph 4, and therefore denies the same.

5. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 5, and therefore denies the same.

6. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 6, and therefore denies the same.

7. Travelers admits paragraph 7.

## JURISDICTION AND VENUE

8. Paragraph 8 is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by FRCP 8, but is rather a legal conclusion, requiring no response from Travelers. To the extent Paragraph 8 is deemed a short and plain statement of the claim, it is denied.

9. Paragraph 9 is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by FRCP 8, but is rather a legal conclusion, requiring no response from Travelers. To the extent Paragraph 9 is deemed a short and plain statement of the claim, it is denied.

10. Paragraph 10 is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by FRCP 8, but is rather a legal conclusion, requiring no response from Travelers. To the extent Paragraph 10 is deemed a short and plain statement of the claim, it is denied.

11. Travelers lacks knowledge or information sufficient to form a belief about the truth of allegations of paragraph 11, so therefore denies.

12. Paragraph 12 is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by FRCP 8, but is rather a legal conclusion, requiring no response from Travelers. To the extent Paragraph 12 is deemed a short and plain statement of the claim, it is denied.

13. Paragraph 13 is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by FRCP 8, but is rather a legal conclusion, requiring no response from Travelers. To the extent Paragraph 13 is deemed a short and plain statement of the claim, it is denied.

14. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 14, and therefore denies the same.

## GENERAL ALLEGATIONS

15. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 15, and therefore denies the same.

16. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 16, and therefore denies the same.

17. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 17, and therefore denies the same.

18. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 18, and therefore denies the same.

19. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 19, and therefore denies the same.

20. Travelers admits that the applicable policy is Travelers Policy ZYM-61M30684-17. Travelers states the policy speaks for itself. Travelers denies the remaining allegations contained in paragraph 20 because it calls for a legal conclusion and is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by FRCP 8.

21. Travelers admits it issued Travelers Policy ZYM-61M30684-17 to Had To Have It, LLC, and states the policy speaks for itself and is the best evidence.

22. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 22, and therefore denies the same.

23. Travelers is without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' alleged defects. Travelers admits Hatteras grounded the yacht. Travelers denies its agents directed work or caused damage to the yacht. Travelers denies the remainder of paragraph 23.

**A. <u>Early Problems with the Yacht</u>**

24. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 24, and therefore denies the same.

25. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 25, and therefore denies the same.

26. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 26, and therefore denies the same.

27. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 27, and therefore denies the same.

28. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 28, and therefore denies the same.

29. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 29, and therefore denies the same.

30. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 30, and therefore denies the same.

31. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 31, and therefore denies the same.

32. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 32, and therefore denies the same.

33. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 33, and therefore denies the same.

34. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 34, and therefore denies the same.

**B. Hatteras Crashes the Yacht**

35. Travelers is without knowledge or information sufficient to form a belief as to the numerous defects and problems with the yacht, but admits Hatteras damaged the yacht when Hatteras crashed the yacht into a mud bar during a sea trial near New Bern, North Carolina. Travelers denies all allegations of paragraph 25 not admitted herein.

36. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 36, and therefore denies the same.

37. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 37, and therefore denies the same.

38. Travelers admits Hatteras' Captain crashed the yacht into a mud bar, and is without knowledge or information sufficient to form a belief as to the truth of the remainder of paragraph 38, and therefore denies the same.

39. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 39, and therefore denies the same.

40. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 40, and therefore denies the same.

41. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 41, and therefore denies the same.

42. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 42, and therefore denies the same.

43. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 43, and therefore denies the same.

44. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 44, and therefore denies the same.

45. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 45, and therefore denies the same.

46. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 46, and therefore denies the same.

47. Travelers is without knowledge or information sufficient to form a belief as to the truth of paragraph 47, and therefore denies the same.

### C. Travelers Causes More Damage

48. Travelers admits Had To Have It, LLC submitted a claim, and denies the remainder of paragraph 48.

49. Travelers admits that Stewart Hutcheson served the role of surveyor, and denies the remaining allegations contained in paragraph 49.

50. Travelers denies paragraph 50.

51. Travelers denies paragraph 51.

52. Travelers denies paragraph 52.

53. Travelers denies paragraph 53.

54. Travelers admits that the yacht was struck by lightning which requires certain repairs, and denies the remaining allegations contained in paragraph 54.

55. Travelers denies paragraph 55.

56. Travelers denies paragraph 56.

57. Travelers denies paragraph 57.

58. Travelers denies paragraph 58.

### COUNT I – BREACH OF CONTRACT (HATTERAS)

59. Travelers restates and incorporates its answers to paragraph 1 through 58 as if fully set forth herein.

60. Paragraph 60 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

61. Paragraph 61 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

62. Paragraph 62 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

63. Paragraph 63 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

### COUNT II – NEGLIGENCE IN REPAIRS (HATTERAS)

64. Travelers restates and incorporates its answers to paragraph 1 through 63 as if fully set forth herein.

65. Paragraph 65 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

66. Paragraph 66 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

67. Paragraph 67 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

68. Paragraph 68 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

69. Paragraph 69 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

### COUNT III – VIOLATION OF MAGNUSON-MOSS WARRANTY ACT (HATTERAS)

70. Travelers restates and incorporates its answers to paragraph 1 through 69 as if fully set forth herein.

71. Paragraph 71 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

72. Paragraph 72 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

73. Paragraph 73 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

74. Paragraph 74 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

75. Paragraph 75 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

76. Paragraph 76 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

77. Paragraph 77 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

78. Paragraph 78 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

## **COUNT IV – BREACH OF EXPRESS WARRANTY (HATTERAS)**

79. Travelers restates and incorporates its answers to paragraph 1 through 78 as if fully set forth herein.

80. Paragraph 80 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

81. Paragraph 81 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

82. Paragraph 82 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

83. Paragraph 83 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

## COUNT V – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY (HATTERAS)

84. Travelers restates and incorporates its answers to paragraph 1 through 83 as if fully set forth herein.

85. Paragraph 85 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

86. Paragraph 86 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

87. Paragraph 87 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

88. Paragraph 88 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

89. Paragraph 89 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

90. Paragraph 90 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

91. Paragraph 91 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

## COUNT VI – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE (HATTERAS)

92. Travelers restates and incorporates its answers to paragraph 1 through 91 as if fully set forth herein.

93. Paragraph 93 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

94. Paragraph 94 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

95. Paragraph 95 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

96. Paragraph 96 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

97. Paragraph 97 is not directed at Travelers, and therefore no response is required. To the extent this paragraph is directed towards Travelers, Travelers denies.

## **COUNT VII – NEGLIGENCE (TRAVELERS)**

98. Travelers restates and incorporates its answers to paragraph 1 through 97 as if fully set forth herein.

99. Travelers admits Stewart Hutcheson served as a surveyor and inspected the yacht. Travelers denies the remaining allegations contained in paragraph 99.

100. Travelers denies paragraph 100.

101. Paragraph 101 is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by FRCP 8, and is rather a legal conclusion requiring no response from Travelers. To the extent paragraph 101 is deemed a short and plain statement of the claim, it is denied.

102. Travelers denies paragraph 102.

103. Travelers denies paragraph 103.

## COUNT VIII – BREACH OF CONTRACT (TRAVELERS)

104. Travelers restates and incorporates its answers to paragraph 1 through 103 as if fully set forth herein.

105. Travelers admits it issued a policy numbered ZYM-61M30684-17-ND to Had To Have It, LLC and states that the Policy speaks for itself. Travelers denies the remainder of paragraph 105.

106. Travelers denies paragraph 106, including all subparts.

107. Travelers denies paragraph 107.

## COUNT IX – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (TRAVELERS)

108. Travelers restates and incorporates its answers to paragraph 1 through 107 as if fully set forth herein.

109. Paragraph 109 is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by FRCP 8, but is rather a legal conclusion, requiring no response from Travelers. To the extent Paragraph 109 is deemed a short and plain statement of the claim, it is denied.

110. Paragraph 110 is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by FRCP 8, but is rather a legal conclusion, requiring no response from Travelers. To the extent Paragraph 110 is deemed a short and plain statement of the claim, it is denied.

111. Travelers denies paragraph 111, including all subparts.

112. Travelers denies paragraph 112.

113. Travelers denies paragraph 113.

114. Travelers denies paragraph 114.

115. Travelers denies paragraph 115.

116. Travelers denies paragraph 116.

117. Travelers denies paragraph 117.

## COUNT X – VIOLATION OF TEXAS INSURANCE CODE SECTION 541 (TRAVELERS)

118. Travelers restates and incorporates its answers to paragraph 1 through 117 as if fully set forth herein.

119. Travelers denies paragraph 119.

120. Travelers denies paragraph 120, including all subparts.

121. Travelers denies paragraph 121, including all subparts.

122. Travelers denies paragraph 122.

## COUNT XI – VIOLATION OF TEXAS INSURANCE CODE SECTION 542 (TRAVELERS)

123. Travelers restates and incorporates its answers to paragraph 1 through 122 as if fully set forth herein.

124. Travelers denies paragraph 124.

125. Travelers denies paragraph 125.

## COUNT XII – DECLARATORY RELIEF (TRAVELERS)

126. Travelers restates and incorporates its answers to paragraph 1 through 125 as if fully set forth herein.

127. Travelers admits plaintiffs make certain claims herein and that Travelers denies those claims.

128. Travelers denies paragraph 128.

## AFFIRMATIVE DEFENSES

A. For further Answer and Affirmative Defense, Travelers states that Plaintiffs have failed to state claim upon which relief can be granted.

B. For further Answer and Affirmative Defense, Travelers states that Plaintiffs' claims are barred by their own actions and inactions and they are equitably estopped from the relief sought.

C. For further Answer and Affirmative Defense, Travelers states that to the extent Plaintiffs' Complaint is deemed to allege negligence by Travelers, which is denied, such claim is barred or reduced by Plaintiffs' contributory/comparative negligence.

D. For further Answer and Affirmative Defense, Travelers states that to the extent Plaintiffs' Complaint is deemed to allege negligence by Travelers, which is denied, such claim is preempted and Plaintiffs are limited to contractual rights.

E. For further Answer and Affirmative Defense, Travelers states that the injury or damages alleged in Plaintiffs' Complaint were not caused by any fault, neglect or default by Travelers or its representatives, but were caused or resulted by reason of a the following circumstances and conditions which preclude any recovery for those damages, if any, from Travelers: (a) pre-existing damages that would have been incurred regardless of any fault or neglect of Travelers, which is denied; (b) injuries and damages that would have been incurred regardless of any fault or neglect on the part of Travelers, which is denied; (c) fault, neglect or negligence on the part of Plaintiffs; (d) fault, neglect or negligence of other entities or individuals

for whose actions Travelers is not legally responsible; and/or (e) the superseding and/or intervening acts of persons or entities over whom Travelers had no control.

F. For further Answer and Affirmative Defense, Travelers states that the alleged injuries and damages of Plaintiffs, if any, were not caused by any fault, neglect or default on part of Travelers, but were caused or resulted by reason of intervening and/or superseding fault, neglect, negligence and/or default on the part of other entities or individuals named or unnamed in this action and/or such other circumstances and conditions that preclude any recovery for those injuries and damages, if any, from Travelers.

G. For further Answer and Affirmative Defense, Travelers states that any coverage which may be available to Plaintiffs is subject to the policy provisions, limitations and exclusions of Policy No. ZYM-61M30684, including but not limited to the Appraisal clause.

H. For further Answer and Affirmative Defense, Travelers states Plaintiffs' violated the General Conditions, Legal Action Against Us provision of the policy.

I. For further Answer and Affirmative Defense, Travelers states that Texas Law does not apply.

J. For further Answer and Affirmative Defense, Travelers states that it has paid all amounts due and owing under Policy No. ZYM-61M30684.

K. For further Answer and Affirmative Defense, Travelers states that Plaintiffs have materially breached their obligations set forth under Policy No. ZYM-61M30684.

L. For further Answer and Affirmative Defense, to the extent this Court determines Texas law applies, Travelers states that Plaintiffs' claims are barred by the two-year statute of limitations set forth under Tex. Ins. Code §541.162.

M. For further Answer and Affirmative Defense, Travelers states that Plaintiffs have, and continue to, fail to mitigate their damages.

N. For further Answer and Affirmative Defense, Travelers states that Plaintiffs' claims are not ripe.

O. For further Answer and Affirmative Defense, Travelers states that to the extent that the General Maritime Law of United States may apply, Plaintiffs' claims for damages are barred in whole or in part.

P. For further Answer and Affirmative Defense, Travelers states that to the extent that the General Maritime Law of United States may apply to the claims alleged against Travelers, they are herein invoked.

Q. For further Answer and Affirmative Defense, Travelers states that Plaintiffs did not act with the utmost good faith in their actions and inactions in sharing information with Travelers and their claims are barred or offset by the doctrine of *uberrimae fidei*.

R. For further Answer and Affirmative Defense, Travelers states that Plaintiffs' inequitable and unfair actions in connection with the subject matter of this action are a bar or offset to their alleged damages.

S. For further Answer and Affirmative Defense, Travelers states that the punitive damages and/or quantum of punitive damages sought by Plaintiffs, the alleged basis for such damages being specifically denied, are not recoverable under applicable law(s) including admiralty and maritime law and should be eliminated, limited, and/or capped at a one to one ratio with any compensatory damages awarded, the alleged basis for such damages being expressly denied.

T. For further Answer and Affirmative Defense, Travelers states that any award of punitive damages against Defendant will violate the rights guaranteed by the Constitution of the United

States, any applicable State (Texas and/or North Carolina) and/or in violation of the maritime and admiralty laws of the United States for the following reasons:

  i. Any award of punitive damages violates the prohibition against excessive fines per the Eighth and Fourteenth Amendments of the United States Constitution and any applicable State Constitution;

  ii. Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment of the United States Constitution and State(s) Constitution(s) because of the lack of objective guidelines upon which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness; and,

  iii. As may be shown at the trial of this matter.

U. Plaintiffs' claims are barred or should be offset pursuant to the doctrine of unjust enrichment.

V. Damages owed by this answering party are subject to the offset/set-off by amounts recovered by Plaintiffs in (or related to the claims in) this action.

W. If any damages are awarded to compensate Plaintiffs for losses sustained, the Court should reduce the amount of any such award by the total of all amounts which have been paid for the benefit of Plaintiffs or which are otherwise available to them from any alternative sources.

X. Plaintiffs' Amended and Supplemental Complaint erroneously names "Travelers Casualty Company of America"; the intervening party and proper party which Plaintiffs likely intended to name is this answering defendant, "Travelers Property Casualty Company of America"; Travelers moves the Court to issue an order amending the caption in this matter to reflect the correct entity and to dismiss claims against "Travelers Casualty Company of America"; in the alternative and in event the proper entity is the one identified by Plaintiff ("Travelers

Casualty Company of America"), then this answering defendant ("Travelers Property Casualty Company of America") requests the Court take this responsive pleading as if it were the response for the entity named by Plaintiffs ("Travelers Property Casualty Company of America").

Y.  Travelers reserves the right to plead additional defenses, whether affirmative or otherwise, to the claims in the Amended and Supplemental Complaint, and to amend the defenses set forth herein, after further discovery and investigation.

**WHEREFORE,** having fully responded to Plaintiffs' Complaint, Travelers prays for judgment in its favor, dismissal of Plaintiffs' Complaint with costs, and any further relief this Court deems just and proper under the circumstances.

This the 26th day of July, 2021

CRANFILL SUMNER, LLP

/s/Jason R. Harris_____
Jason R. Harris
N.C. State Bar No. 27876
101 N. 3rd Street, Suite 400
Wilmington, NC 28401
(910) 777-6000
(910) 777-6142 – Fax
jharris@cshlaw.com
*Attorney for Travelers Property Casualty Company of America*

BROWN & JAMES, P.C.

/s/ Bradley R. Hansmann_____
Bradley R. Hansmann
MO#53160 (admitted Pro Hac Vice)
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 (FAX)
bhansmann@bjpc.com
*Attorney for Travelers Property Casualty Company of America*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed with the Clerk of Court and electronically served via CM/ECF upon all parties of record on this 26th of July, 2021.

Christopher T. Graebe
Graebe Hanna & Sullivan, PLLC
4350 Lassiter at North Hills Ave, Suite 375
Raleigh, NC 27609
cgraebe@ghslawfirm.com
*Local Rule 83.1(d) Attorneys for Plaintiffs*

James N. Robinson
Angela D. Daker
Mahalia A. Boyd
White & Case LLP
200 South Biscayne Boulevard
Miami, Florida 33131-2352
jrobinson@whitecase.com
adaker@whitecase.com
*Special Appearance Attorneys for Plaintiffs Robert Peterson and Had To Have It, LLC*

Shaun H. Crosner
Jacquelyn M. Mohr
Nicolas A. Pappas
PASICH LLP
1230 Rosecrans Ave., Suite 690
Manhattan Beach, CA 90266
scrosner@pasichllp.com
jmohr@pasichllp.com
npappas@pasichllp.com
*Special Appearance Attorneys for Plaintiffs Robert Peterson and Had To Have It, LLC*

Christina M. Paul
A. Lee Hogewood, III
Matthew Thomas Houston
K&L Gates, LLP
200 South Bisayne Blvd., Suite 3900
Miami, FL 33131-2399
Christina.paul@klgates.com
Lee.hogewood@klgates.com
Joshua.carpenter@klgates.com
Matthew.houston@klgates.com
*Special Appearance Attorneys for Defendant Hatteras/Cabo Yachts, LLC*

Joshua Southwick
Gibson Robb & Lindh, LLP
201 Mission Street, Suite 2700
San Francisco, CA 94105
jsouthwick@gibsonrobb.com
*Special Appearance for Travelers Property Casualty Company of America*

Zachary M. Jett
Butler Weihmuller Katz Craig, LLP
11605 North Community House Road, Suite 150
Charlotte, NC 28277
zjett@butler.legal
*Attorney for Travelers Property Casualty Company of America*

                                              /s/Jason R. Harris